IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUEL GONZALEZ, | : | |
|     Plaintiff | : | |
| | : | No. 1:22-cv-02033 |
| v. | : | |
| | : | (Judge Rambo) |
| C. SREBRO, *et al.*, | : | |
|     Defendants | : | |

## MEMORANDUM

Plaintiff Manuel Gonzalez initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations by four state officials. His primary assertion is that he was denied access to the courts in violation of his First and Fourteenth Amendment rights. Because Gonzalez does not state a plausible claim for relief against any defendant, the Court must dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

**I.   BACKGROUND**

Gonzalez avers that, on October 27, 2021, while incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania (SCI Camp Hill), he was transferred from his regular cell to the Restricted Housing Unit (RHU) under the direct supervision of defendant Unit Manager C. Srebro. (Doc. No. 1 at 2, 6.)

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

Gonzalez claims that his personal property and legal paperwork—which had been stored in his previous cell ("cell 09 on B side on L-Block")—was not properly secured at the time of his transfer to the RHU and was "purposely withheld" by Srebro. (*Id.* at 6.) Gonzalez claims that this wrongful withholding of his property hindered him from litigating his criminal case, apparently resulting in the loss of his ability to file a direct appeal. (*See id.* at 6, 8 (requesting, as relief, to have his "rights of appeal re[in]stated" in his criminal case).) He also states that he fully exhausted the inmate grievance process and includes as defendants "chief grievance officers" D. Varner and Keri Moore. (*Id.* at 3, 5, 7.)

Gonzalez filed suit in the United States District Court for the Eastern District of Pennsylvania, which promptly transferred the case to this Court pursuant to 28 U.S.C. § 1406. (*See* Doc. No. 7 at 3 & n.5.) He alleges that his First, Fifth, Eighth, and Fourteenth Amendment rights were violated as a result of this incident. (Doc. No. 1 at 3, 7.) He brings Section 1983 claims against Srebro, Varner, Moore, and SCI Camp Hill superintendent "L. Harry." (*Id.* 2-3, 7.)

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. *See* 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"

*Id.* § 1915A(b)(1).  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Gonzalez proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  This is particularly true when the *pro se* litigant, like Gonzalez, is incarcerated.  *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.   DISCUSSION

Before addressing the sufficiency of Gonzalez's complaint, the Court must identify the claimed constitutional violation or violations. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); *Graham v. Connor*, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct). Gonzalez cites the First, Fifth, Eighth, and Fourteenth Amendments, but it is clear that he is raising an access-to-courts claim, which implicates only the First and Fourteenth Amendments.[2] There are multiple deficiencies with Gonzalez's access-to-courts claims, which the Court will address in turn.

### A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's

---

[2] The Court additionally notes that Gonzalez is suing only state officials and thus has provided no basis for a claim under the Fifth Amendment, which exclusively pertains to action by the federal government. *See B & G Constr. Co. v. Dir., Office of Workers' Comp. Programs*, 662 F.3d 233, 246 n.14 (3d Cir. 2011).

"personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity.  *Id.* (quoting *Rode*, 845 F.2d at 1207).  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.  *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Gonzalez's claim against Harry is a classic example of vicarious liability, which is inapplicable to Section 1983 claims.  He merely asserts that Harry, as the superintendent of the prison, "allow[ed] such action and violation of [his] constitution[al] rights" and "did not do nothing [sic] to stop or correct the situation." (Doc. No. 1 at 5, 7.)  These allegations do not establish personal involvement by Harry in the purported constitutional violation.

Gonzalez's allegations against Varner and Moore are equally deficient. Gonzalez essentially claims that, as grievance officers, Varner and Moore failed to correct the access-to-courts infringement. As explained above, however, involvement in the review and denial of an inmate's grievance does not implicate Section 1983 liability. Accordingly, the claims against Harry, Varner, and Moore must be dismissed.

B.   **Access-to-Courts Claim**

Under the First and Fourteenth Amendments to the United States Constitution, "prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). Inmates, however, may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement." *Id.* (citing *Lewis*, 518 U.S. at 354-55). To adequately plead an access-to-courts claim that is backward-looking in nature,[3] the prisoner must allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe*, 536 F.3d at 205 (quoting *Christopher*, 536 U.S. at 415). The underlying

---

[3] There is also a category of access-to-courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).

7

claim must be described well enough to demonstrate that it is "more than hope," and the complaint must set out the "lost remedy." *See Christopher*, 536 U.S. at 416-17.

Gonzalez meets the initial requirement of an access-to-courts claim. That is, he appears to allege that he lost the opportunity to pursue a direct appeal in his criminal case. His complaint, however, is woefully deficient as to the factual details required to adequately plead a plausible access-to-courts claim. Gonzalez does not establish that he had a "nonfrivolous" or "arguable" underlying claim that he could have raised on appeal. Nor does he plead that he has "no other remedy" but a Section 1983 lawsuit. Gonzalez provides no information about his criminal appeal. For instance, he does not state when it was required to be filed, if he filed a late appeal and attempted to have the tardiness forgiven, if he sought post-conviction relief, or if he was represented by counsel at the time the appeal was due (as indigent criminal defendants are constitutionally required to have counsel appointed for their initial appeal as of right, *see Douglas v. California*, 372 U.S. 353 (1963); *Ross v. Moffitt*, 417 U.S. 600 (1974)). Therefore, the Court must dismiss Gonzalez's access-to-courts claim against Srebro.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 114. Because it

is conceivable that Gonzalez could cure some of his pleading deficiencies, the Court will permit him to file an amended complaint regarding his access-to-courts claim against Srebro and Harry. His claims against Varner and Moore, however, are legally (rather than factually) deficient, and thus leave to amend would be futile as to those claims.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Gonzalez's complaint (Doc. No. 1) pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Limited leave to amend will be granted. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: February 21, 2023