IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUEL GONZALEZ,<br>     Plaintiff | : | |
| | : | No. 1:22-cv-02033 |
| v. | : | |
| | : | (Judge Rambo) |
| C. SREBRO, *et al.*,<br>     Defendants | : | |

## MEMORANDUM

Plaintiff Manuel Gonzalez initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations by four state officials. He claimed that he was denied access to the courts in violation of his First and Fourteenth Amendment rights. Gonzalez, however, failed to state a claim for relief against any defendant, and thus the Court dismissed his complaint pursuant to 28 U.S.C. § 1915A(b)(1) but granted him leave to amend. Gonzalez has filed an amended complaint but still fails to state a plausible claim for relief against any defendant. The Court, therefore, must dismiss the amended complaint under 28 U.S.C. § 1915A(b)(1). Out of an abundance of caution, the Court will give Gonzalez one final opportunity to attempt to state an access-to-courts claim.

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.     BACKGROUND

In his initial complaint, Gonzalez averred that, on October 27, 2021, while incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania (SCI Camp Hill), he was transferred from his regular cell to the Restricted Housing Unit (RHU) under the direct supervision of defendant Unit Manager C. Srebro.  (Doc. No. 1 at 2, 6.)  Gonzalez claimed that his personal property and legal paperwork—which had been stored in his previous cell ("cell 09 on B side on L-Block")—was not properly secured at the time of his transfer to the RHU and was "purposely withheld" by Srebro.  (*Id.* at 6.)  He alleged that this wrongful withholding of his property hindered him from litigating his criminal case, apparently resulting in the loss of his ability to file a direct appeal.  (*See id.* at 6, 8 (requesting, as relief, to have his "rights of appeal re[in]stated" in his criminal case).)  He also stated that he fully exhausted the inmate grievance process and included as defendants "chief grievance officers" D. Varner and Keri Moore.  (*Id.* at 3, 5, 7.)

Gonzalez filed suit in the United States District Court for the Eastern District of Pennsylvania, which promptly transferred the case to this Court pursuant to 28 U.S.C. § 1406.  (*See* Doc. No. 7 at 3 & n.5.)  He alleged that his First, Fifth, Eighth, and Fourteenth Amendment rights were violated as a result of this incident.  (Doc. No. 1 at 3, 7.)  He leveled Section 1983 claims against Srebro, Varner, Moore, and SCI Camp Hill superintendent "L. Harry."  (*Id.* 2-3, 7.)

The Court screened Gonzalez's *pro se* complaint as required by 28 U.S.C. § 1915A(a). (*See generally* Doc. Nos. 13, 14.) In its February 21, 2023 opinion, the Court determined that Gonzalez—although citing the First, Fifth, Eighth, and Fourteenth Amendments—was raising a single claim of denial of access to the courts under the First and Fourteenth Amendments. (*See* Doc. No. 13 at 5 & n.2.) Gonzalez, however, did not include allegations of personal involvement for three of the four named defendants. (*See id.* at 5-6.) As to Harry, Gonzalez was simply asserting vicarious liability, which is inapposite in a Section 1983 case. (*Id.* at 6.) As to Varner and Moore, his allegations reflected engagement in the grievance process only, which likewise did not establish personal involvement for Section 1983 liability. (*Id.*)

The Court then reviewed Gonzalez's remaining access-to-courts allegations against Srebro. (*Id.* at 7-8.) While Gonzalez had met the requirement of stating that he had lost the opportunity to pursue a challenge to his criminal sentence, he had failed to establish (1) that he had a "nonfrivolous" or "arguable" underlying claim that he could have raised on appeal; and (2) that he had "no other remedy" but a Section 1983 lawsuit. (*Id.* at 8.) The Court explained that Gonzalez had provided no information about his criminal case in his complaint, and thus had failed to plead the requisite elements for an access-to-courts claim. (*Id.*)

The Court granted limited leave to amend. (*Id.* at 8-9.) It dismissed the claims against Moore and Varner with prejudice, as leave to amend would be futile with regard to those defendants (because they had no personal involvement in the alleged constitutional violation). (*See id.* at 9; Doc. No. 14 at 2 ¶ 6.) Moore and Varner were terminated from the case. (Doc. No. 14 at 2 ¶ 7.) The Court granted leave to amend concerning the access-to-courts claim against Srebro and Harry only. (Doc. No. 13 at 9; Doc. No. 14 at 2 ¶ 5.)

Gonzalez eventually filed an amended complaint (Doc. No. 20) and a "memorandum of law" (Doc. No. 18.) His amended complaint, however, suffers from many of the same deficiencies as his original complaint.

## II.  STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. *See* 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" *Id.* § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x

157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—

which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Gonzalez proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Gonzalez, is incarcerated. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.   DISCUSSION

Gonzalez's amended complaint is largely indistinguishable from his original complaint. He again cites the First, Fifth, Eighth, and Fourteenth Amendments even though it is clear that he is raising an access-to-courts claim, which implicates only the First and Fourteenth Amendments.[2] He also includes similar allegations against

---

[2] The Court additionally notes that Gonzalez is suing only state officials and thus has provided no basis for a claim under the Fifth Amendment, which exclusively pertains to action by the federal

Moore and Varner regarding their handling of his prison grievance. (*See* Doc. No. 20 at 6, 7.) However, the claims against these defendants have been dismissed with prejudice, and therefore they will not be considered. The Court additionally notes that Gonzalez's allegations in his amended complaint again fail to establish personal involvement by Moore and Varner because they deal only with these defendants' participation in the grievance process. (*See* Doc. No. 13 at 5-7 (citations omitted).)

Gonzalez's access-to-courts claims against Srebro and Harry likewise continue to suffer from pleading deficiencies. The court will address these deficiencies in turn.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction"

---

government. *See B & G Constr. Co. v. Dir., Office of Workers' Comp. Programs*, 662 F.3d 233, 246 n.14 (3d Cir. 2011).

or "actual knowledge and acquiescence"; however, such averments must be made with particularity. *Id.* (quoting *Rode*, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Gonzalez's claim against Harry remains a classic example of vicarious liability, which is inapplicable to Section 1983 actions. He merely asserts that Harry, as the superintendent of the prison, knows that "Unit Manager Srebro is conducting such action" and "did not do nothing [sic] to stop or correct the situation." (Doc. No. 20 at 6.) He alleges that Harry "is the state warden of the institution . . . where the incident happened," and that "being the warden[,] allow[ed] such action and violation of [his] constitution[al] rights." (*Id.* at 7.) These allegations sound only in *respondeat superior* and do not establish personal involvement by Harry in the

8

purported constitutional violation. Accordingly, the claim against Harry will be dismissed again.

### B.     Access-to-Courts Claim

Under the First and Fourteenth Amendments to the United States Constitution, "prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). Inmates, however, may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement." *Id.* (citing *Lewis*, 518 U.S. at 354-55). To adequately plead an access-to-courts claim that is backward-looking in nature,[3] the prisoner must allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe*, 536 F.3d at 205 (quoting *Christopher*, 536 U.S. at 415). The underlying claim must be described well enough to demonstrate that it is "more than hope," and the complaint must set out the "lost remedy." *See Christopher*, 536 U.S. at 416-17.

Gonzalez meets the initial requirement of an access-to-courts claim. That is, he appears to allege that he lost the opportunity to pursue a challenge to an

---

[3] There is also a category of access-to-courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).

underlying criminal sentence. Contrary to his original complaint, his amended complaint appears to allege that he lost the opportunity to pursue a federal habeas corpus petition rather than a direct appeal. (*See* Doc. No. 20-1 at 1; Doc. No. 18 at 1-2.[4])

His amended complaint, however, remains deficient with respect to the factual details required to adequately plead a plausible access-to-courts claim. Gonzalez does not establish that he had a "nonfrivolous" or "arguable" underlying post-conviction claim that he could have raised in his federal habeas petition. Nor does he plead that he has "no other remedy" but a Section 1983 lawsuit. Gonzalez, in fact, provides no information about his federal habeas case in his amended complaint. In his "memorandum of law," he indicates that he had a statutory filing deadline of September 22, 2021. (*See* Doc. No. 18 at 2.) He claims that he filed his habeas corpus petition on December 20, 2021, and seems to intimate that his petition was filed late and was time-barred. (*See id.*) None of these allegations, however, appear in his amended complaint, and therefore they cannot be considered by the Court in the instant Section 1915A screening.

---

[4] The Court relies on Gonzalez's "memorandum of law" (Doc. No. 18) only for clarity as to his access-to-courts claim, not as a supplement to his amended complaint. Any allegation that Gonzalez seeks to include in his Section 1983 lawsuit must be contained in his pleadings, not in extraneous filings or supporting briefs.

Accordingly, the Court must once again dismiss Gonzalez's access-to-courts claim against Srebro. The Court will give Gonzalez one final opportunity to plausibly plead a Section 1983 access-to-courts claim against this defendant.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 114. Because it is conceivable that Gonzalez could cure his pleading deficiencies regarding his access-to-courts claim against Srebro, the Court will permit him to file a second amended complaint *only as to that claim*. Further leave to amend as to his claim against Harry will be denied because Gonzalez has failed to cure the fundamental deficiencies with this claim even after "amendments previously allowed." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

If Gonzalez chooses to file a second amended complaint against Srebro, he must adhere to the following guidelines or his pleading will be stricken from the record. First, Gonzalez must *not* include claims that have been dismissed with prejudice (*i.e.*, Section 1983 access-to-courts claims against Moore, Varner, or

11

Harry). Second, he must include all of his allegations within his second amended complaint, without reference to any previous pleading, extraneous supporting brief, or memorandum of law. Finally, he must plead facts that address the deficiencies identified by this Court in its screening opinions. For example, Gonzalez must plead facts that show that he lost the chance to pursue a nonfrivolous or arguable federal habeas corpus claim that is "more than mere hope." *Monroe*, 536 F.3d at 205; *Christopher*, 536 U.S. at 416-17. He must also plausibly state facts that show that he has no other remedy except a Section 1983 lawsuit. *Monroe*, 536 F.3d at 205.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Gonzalez's amended complaint (Doc. No. 20) pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Limited leave to amend will be granted, as specified above. An appropriate Order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: June 7, 2023